UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DWIQUITA LANETTE RUTLEDGE, | ) | |
| Plaintiff, | ) ) | Case No. 2:15-cv-02175-APG-GWF |
| vs. | ) ) | **ORDER** |
| ERICA COTY GRISWALD, *et al.*, | ) ) | Application to Proceed *in Forma Pauperis* (#1) and Screening of |
| Defendants. | ) ) | Complaint (#1-3, 1-4, 1-5, 1-6, 1-7) |

This matter comes before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (#1), filed on November 16, 2015.

**I.    Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to her application and complaint as required by 28 U.S.C. § 1915(a).  Reviewing Ms. Rutledge's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.

**II.   Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant/third party plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to

relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Court shall liberally construe a complaint by a pro se litigant. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 2007). This is especially important for civil rights complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin.*, 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. See *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) requires that "[e]ach allegation must be simple, concise, and direct." The purpose of Rule 8 is to enable the court to determine whether the plaintiff has stated "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Rule 8(a)(2) pleading standard does not require detailed factual allegations. *Id.* at 678. However, to state a plausible claim for relief, a complaint must contain both sufficient factual allegations (i.e. names, dates, and facts) and legal conclusions (i.e., specific laws defendants allegedly violated) that create a reasonable inference of liability. *See Iqbal*, 556 U.S. 662, 678–79. A complaint that merely offers "labels and conclusions" will be dismissed. *Id.*

Here, Plaintiff's Complaint fails to satisfy Rule 8's standards. First, the Complaint does not provide any jurisdictional basis explaining why Plaintiff's case should be heard in federal court. *See* Fed. R. Civ. P. 8(a)(1). Plaintiff failed to plead that the action invokes either diversity of citizenship, federal question, or some form of federal jurisdiction. Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The burden of proving jurisdiction rests on the party asserting jurisdiction. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–183 (1936). Under Federal Rule of Civil Procedure 12(h)(3), the court must dismiss any action as soon as it determines that the court's jurisdictional requirements have not been met. In addition, the complaint must identify the relevant parties so the court can determine whether it may exercise jurisdiction over the named individuals. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) (discussing federal court's limited power of personal jurisdiction).

Furthermore, Plaintiff's Complaint does not provide a short and plain statement of the facts as required by Rule 8. *See* Fed. R. Civ. P. 8(a)(2). Dismissal of a complaint for failure to satisfy Rule 8(a) is proper if the factual elements supporting a cause of action are scattered throughout the complaint and not organized into a short and plain statement. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). Plaintiff's complaint consists of 471 pages of allegations and exhibits.[1] This is neither "short" nor "plain." *Nw. Nat'l Ins. Co. v. Baltes*, 15 F.3d 660, 662 (7th Cir. 1994) ("It is not the Court's job to laboriously search the Complaint for factual assertions that could, in theory, be used to support one legal claim or another. District judges are not archaeologists. They need not excavate masses of papers in search of revealing tidbits"); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) ("[A] complaint must be presented 'with clarity sufficient to avoid requiring a district court or opposing party to forever sift through its pages in search of plaintiff's claim.'"). Therefore, the Court will dismiss Plaintiff's Complaint with leave to amend to correct the noted deficiencies.

---

[1] Plaintiff has also filed supplements to her Application and Complaint which total an additional 134 pages. *See Dkt. #2, 3, and 4.*

If Plaintiff elects to proceed in this action by filing an amended complaint, she is informed that the court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Valdez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011)*; see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **dismissed** without prejudice with leave to amend. Plaintiff shall have until **May 16, 2016** to file an amended complaint correcting the noted deficiencies.

DATED this 14th day of April 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge