# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DWIQUITA LANETTE RUTLEDGE,<br><br>Plaintiff,<br><br>v.<br><br>ERICA COTY GRISWALD, et al.,<br><br>Defendants. | Case No. 2:15-cv-02175-APG-GWF<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>(ECF No. 16)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**<br><br>(ECF No. 22) |

Plaintiff Dwiquita Rutledge brings claims for foster care abuse, assault, libel, and slander arising from alleged misconduct by Clark County employees against Rutledge's natural children. The defendants move to dismiss the case for lack of subject matter jurisdiction. Because the complaint presents no federal question and Rutledge fails to assert diversity jurisdiction, I lack jurisdiction over the matter and therefore grant the defendants' motions to dismiss.

United States district courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court has original jurisdiction over cases "arising under the Constitution, treaties or laws of the United States" (called "federal question jurisdiction"), or when the amount in controversy exceeds the sum of $75,000 and the citizenship of each plaintiff is different from that of each defendant (called "diversity jurisdiction"). 28 U.S.C. § 1331; 28 U.S.C. § 1332(a); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) ("complete diversity of citizenship" is required). The party asserting that this Court has jurisdiction bears the burden of establishing it. *See Kokkonen*, 511 U.S. at 377.

Rutledge asserts claims for foster care abuse, assault, libel, and slander. These claims do not arise under the Constitution, laws, or treaties of the United States. Because a federal

question is not presented on the face of Rutledge's complaint I cannot exercise federal question jurisdiction. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Rutledge did not assert in her complaint that diversity jurisdiction exists, nor did she do so in her motion for summary judgment. ECF No. 22.[1] She therefore has not met her burden of establishing that subject matter jurisdiction exists in this Court, so I must dismiss her complaint.

IT IS THEREFORE ORDERED that the defendants' motion to dismiss **(ECF No. 16) is GRANTED**. If Rutledge can cure the jurisdictional defects in her complaint, she can file an amended complaint by May 15, 2017. If she fails to do so, this case will be closed. In the alternative, Rutledge may attempt to pursue her claims in state court.

IT IS FURTHER ORDERED that Rutledge's motion for summary judgment **(ECF No. 22) is DENIED**.

DATED this 1st day of May, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] Rutledge did not file a response to the motion to dismiss.